UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GEORGE SHEPARD LITTLE,            )
                                  )
    Plaintiff,                    )
                                  )
v.                                ) 1:10-cv-00096-JAW
                                  )
SOCIAL SECURITY ADMINISTRATION    )
COMMISSIONER,                     )
                                  )
    Defendant                     )

## RECOMMENDED DECISION

The Social Security Administration found that George Shepard Little has a severe affective disorder, but retains the functional capacity to perform substantial gainful activity in occupations existing in significant numbers in the national economy, resulting in a denial of Little's application for disability benefits under Title II and Title XVI of the Social Security Act. Little commenced this civil action for judicial review of the final administrative decision, alleging error at Step 4 of the sequential evaluation process. I recommend that the Court affirm the administrative decision.

## Standard of Review

The standard of review is whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Richardson v. Perales, 402 U.S. 389, 401 (1971); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted

to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

## The Administrative Findings

The Commissioner's final decision is the October 26, 2009, decision of Administrative Law Judge John Melanson (doc. no. 5-2 at 5-16) because the Decision Review Board did not complete its review during the time allowed (id. at 2). Judge Melanson's decision tracks the familiar five-step sequential evaluation process for social security disability claims.

At Step 1 of the sequential evaluation process, the Judge found that Little met the insured status requirements of Title II through September 30, 2010, and has not engaged in substantial gainful activity since June 15, 2007, the date of alleged onset of disability. (Findings 1 & 2.)

At Step 2, the Judge found that Little's alleged impairments of attention deficit hyperactivity disorder (ADHD) and personality disorder are not medically determinable based on the evidence of record, but that a severe affective disorder is demonstrated. (Finding 3.) The Judge found that the affective disorder imposes only mild limitations on activities of daily living, moderate limitations on social functioning, and moderate limitations on concentration, persistence, and pace, with no evidence of decompensation in a work or work-like setting. (Id.) Little does not challenge these findings.

At Step 3, the Judge found that Little's mental impairment does not meet or equal any listing within the Commissioner's Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P. (Finding 4.) Little does not press a contrary argument here.

At Step 4, the Judge found that Little's combined impairments result in the following residual functional capacities and limitations:

> to perform a full range of work at all exertional levels;
>
> to understand, remember, and carry out simple repetitive work tasks with a specific vocational preparation code of two or less;

> to perform low-stress work defined as requiring only occasional interaction with coworkers and supervisors; and
>
> to adapt to occasional and routine changes in the work setting.

(Finding 5.) With this RFC finding in place, the Judge found that Little is capable of performing past relevant work as a general laborer. (Finding 6.) The Judge stopped the sequential analysis at this point and refrained from assuming the burden associated with the step 5 finding. Little alleges error at Step 4.

## Discussion of Plaintiff's Statement of Errors

Little offers one challenge to the step 4 finding. According to Little, the restriction to simple work tasks is incompatible with the general laborer occupation because the Dictionary of Occupational Titles assigns a reasoning level of two to this occupation. (Statement of Errors at 2-3, Doc. No. 7.) This argument is contrary to recent precedent in this District, including the recommended decision (Rich, Mag. J.) adopted by the Court (Singal, J.) in Pepin v. Astrue, No. 2:09-cv-464-GZS, 2010 U.S. Dist. Lexis 98294, 2010 WL 3361841 (D. Me. Aug. 24, 2010), and the recommended decision (Rich, Mag. J.) adopted by the Court (Woodcock, J.) in Dana v. Astrue, No. 1:09-cv-514-JAW, 2010 U.S. Dist. Lexis 95814, 2010 WL 3397465 (D. Me. Aug. 24, 2010). Counsel for Little conceded at oral argument that the rationale set forth in Pepin, if extended to this case, would preclude a remand. He noted that he filed the statement of errors in this case before Pepin was decided.

At Step 4 of the sequential evaluation process, the Commissioner evaluates the claimant's residual functional capacity (RFC) in relation to the claimant's past relevant work. If the claimant's RFC is compatible with his or her past relevant work, then the claimant will be found "not disabled." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At Step 4 the burden of

proof rests with the claimant to demonstrate that his or her residual functional capacity does not permit the performance of past relevant work. Yuckert, 482 U.S. at 146 n.5; 20 C.F.R. §§ 404.1520(f), 416.920(f).

The question presented here is whether a restriction to simple work tasks is compatible with an occupation described in the Dictionary of Occupational Titles as having a general educational development (GED) level of two in the reasoning category. If the two concepts are not compatible, then Social Security Ruling 00-4p would require the adjudicator to "elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." 2000 SSR Lexis 8, *4-5, 2000 WL 1898704, *2. In all cases involving vocational expert testimony, the administrative law judge is supposed to ask the vocational expert whether his or her testimony is consistent with the Dictionary of Occupational Titles. Id.; Overman v. Astrue, 546 F.3d 456, 462-63 (7th Cir. 2008). Moreover, where a conflict exists, the vocational expert must explain that conflict to the administrative law judge. In this case, the Judge neglected to make a conflict inquiry, which was error. However, because there is no actual conflict between the vocational expert's testimony and the Dictionary of Occupational Titles, that error is harmless.

For years, this Court followed a minority rule that occupations with a GED reasoning level of two are beyond the abilities of someone restricted to "simple" work tasks. However, the recent assessment in Pepin and Dana is that the language used by the Department of Labor in its Dictionary of Occupational Titles to describe reasoning level two ("detailed but uninvolved written or oral instructions . . . involving a few concrete variables") does not conflict with the Social Security Administration's concept of "simple" work. As explained by Magistrate Judge Rich in Pepin, the majority of courts that have addressed the issue so hold. 2010 U.S. Dist. Lexis

4

98294, *13-15, 2010 WL 3361841, *4-5. Chief Judge Woodcock and Judge Singal affirmed Magistrate Judge Rich's recommendations in Dana and Pepin, respectively, though they did so in the absence of objections to the recommended decisions. My own assessment of the issue is that Pepin takes the correct approach, for the reasons set forth by Magistrate Judge Rich in Pepin and by Magistrate Judge Larson of the Central District of California in Meissl v. Barnhart, 403 F. Supp. 2d 981 (C.D. Cal. 2005).

In this case, the Administrative Law Judge neglected to ask the vocational expert whether his testimony about the general laborer occupation was consistent with the Dictionary of Occupational Titles. However, that error was harmless because Pepin and Dana hold that a residual functional capacity for simple work is consistent with an occupation that is assigned a GED reasoning level of two in the Dictionary of Occupational Titles. In the absence of an actual conflict, remand for further proceedings is not warranted. See, e.g., Hodgson v. Barnhart, No. 03-185-B-W, 2004 U.S. Dist. Lexis 11637, *6, 2004 WL 1529264, *2 (D. Me. June 24, 2004) (Cohen, Mag. J., Rec. Dec., aff'd over obj.) ("[T]he mere failure to ask such a question cannot by itself require remand; such an exercise would be an empty one if the vocational expert's testimony were in fact consistent with the DOT."), aff'd, 129 Fed. Appx. 633 (1st Cir. 2005).

The Court should uphold the administrative decision in this case. The vocational expert's testimony that a person restricted to simple work tasks can engage in the general laborer occupation is substantial evidence in support of the Judge's step 4 finding concerning ability to perform past relevant work. (Tr. at 20-21, Doc. No. 5-2 at 39-40.) This conclusion is particularly justified at Step 4 because Little bears the burden and has not otherwise challenged the accuracy of the residual functional capacity finding or demonstrated that his past work, as actually performed, was something other than "simple."

**Conclusion**

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court AFFIRM the Commissioner's final decision and enter judgment in favor of the Commissioner.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 21, 2010